IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Amanda Caton, *et al.*, | : | |
| | : | Case No. 1:22-cv-345 |
| Plaintiffs, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting in Part and Denying in |
| Jacob Salamon, *et al.*, | : | Part Defendants' Motion to Strike and/or |
| | : | Objections to Declaration of Patrick |
| Defendants. | : | Caton |

This matter is before the Court on Defendants' Motion to Strike and/or Objection to Declaration of Patrick Caton. (Doc. 36.) This case arose when Defendant Jacob Salamon, a police officer for the City of Loveland, Ohio, arrested Plaintiff Amanda Caton, an off-duty police officer for the City of Cincinnati, Ohio, for operating a vehicle when intoxicated ("OVI"). Plaintiff Patrick Caton, Amanda Caton's husband and also an off-duty police officer for the City of Cincinnati, was a passenger in the vehicle when Amanda Caton was pulled over and arrested, and he was present when Officer Salamon later dropped off Amanda Caton at their home. The Catons have sued Officer Salamon, former Loveland Police Chief Dennis Rahe, Officer Shawn Parks, and the City of Loveland for violating their civil rights. The issue in the pending Motion to Strike is the admissibility of the Declaration of Patrick Caton that was filed as part of summary judgment briefing. For the reasons that follow, the Court will **GRANT IN PART** and **DENY IN PART** the Motion to Strike.

**I.   THE DECLARATION**

Patrick Caton stated as follows in his sworn Declaration:

l. My name is Patrick Caton.

> 2. On the night of February 8, 2020, and into February 9, 2020, and during the interactions that Salamon and Parks had with Amanda and me, Amanda was not impaired, nor did she display any signs of impairment; she did not smell of alcohol; her eyes were not glassy or bloodshot; her speech was not slurred and she talked how she always talks. Salamon has a well-documented history of being untruthful in the performance of his official duties and falsely stated these "clues" existed when they did not in fact exist.

(Doc. 30-2 at PageID 2230.) The Motion to Strike concerns the second paragraph.

## II. ANALSYIS

Defendants move the Court to strike or disregard portions of the second paragraph of Patrick Caton's Declaration pursuant to Federal Rule of Civil Procedure 56(c)(2) and (c)(4):

> **(2)** *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.
>
> * ** *
>
> **(4)** *Affidavits or Declarations.* An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

For the reasons that follow, the Court will strike the second paragraph of the Declaration **except** as follows:

> On the night of February 8, 2020, and into February 9, 2020, and during the interactions that Salamon and Parks had with Amanda and me, Amanda . . . did [not] display any signs of impairment; did not smell of alcohol; her eyes were not glassy or bloodshot; her speech was not slurred and she talked how she always talks. . . . Salamon . . . falsely stated these "clues" existed when they did not in fact exist.

(Doc. 30-2 at PageID 2230.) The statements regarding Amanda Caton are factual observations that Patrick Canton had personal knowledge to make. He heard or read Officer Salamon's factual statements to the contrary, and he can opine that Officer Salamon's statements were false or

2

inaccurate consistent with Federal Rule of Evidence 701.[1] At trial, Defendants can attempt to impeach Patrick Caton's testimony as permitted under the Federal Rules of Evidence, including by cross examining him about the amount of alcohol he consumed on that night.

On the other hand, the Court will strike Patrick's Caton's statement that "Amanda was not impaired" as impermissible opinion testimony. A non-expert witness cannot testify as to his opinions on "other specialized knowledge within the scope of Rule 702" governing expert witnesses. Fed. R. Evid. 701(c). Plaintiffs did not disclose Patrick Caton as an expert witness in this case. The Court suspects that Defendants would have objected to the reliability of his purported opinions had Plaintiffs tried to proffer Patrick Caton as an expert. Moreover, even an expert witness cannot testify as to legal conclusions such as whether Amanda Caton was legally intoxicated. *See Berry v. City of Detroit*, 25 F.3d 1342, 1353–1354 (6th Cir. 1994).

The Court also will strike Patrick Caton's statement that "Salamon has a well-documented history of being untruthful in the performance of his official duties." Plaintiffs make no pretense of supporting this disparaging accusation with evidence of such documentation. They make no effort to establish a basis of Patrick Caton's personal knowledge that such documentation exists or what it says. "A witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. The stricken statement is plainly inadmissible.

## III. CONCLUSION

For the foregoing reasons, Defendants' Motion to Strike and/or Objection to Declaration of Patrick Caton (Doc. 36) is **GRANTED IN PART** and **DENIED IN PART**. The Court will

---

[1] Rule 701 provides that a non-expert witness can offer opinion testimony that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701.

strike the second paragraph of Patrick's Caton's Declaration **except** as follows:

> On the night of February 8, 2020, and into February 9, 2020, and during the interactions that Salamon and Parks had with Amanda and me, Amanda . . . did [not] display any signs of impairment; did not smell of alcohol; her eyes were not glassy or bloodshot; her speech was not slurred and she talked how she always talks. . . . Salamon . . . falsely stated these "clues" existed when they did not in fact exist.

(Doc. 30-2 at PageID 2230.)

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge